UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT L. LOWERY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. H-05-3101 |
| CITY OF CONROE, TEXAS § | |
| and § | |
| BILLY PICKERING, in his individual § | |
| capacity, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff alleges that Pickering, a municipal employee and Plaintiff's supervisor, is liable for violations of Plaintiff's civil rights, under 42 U.S.C. § 1983, and for assault, under Texas state tort law.  Defendant Pickering now moves to dismiss Plaintiff's federal claim, arguing that (1) Plaintiff has failed to state a claim against Pickering under § 1983, because the alleged actions were not committed under color of state law, and (2) Pickering is entitled to qualified immunity from suit, because (a) he was not acting under color of state law and (b) Plaintiff has not alleged the violation of a clearly established right.

### I.   FAILURE TO STATE A CLAIM

Pickering argues that Plaintiff's § 1983 claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6), because Plaintiff has not shown that Pickering acted under color of state law.  As the United States Court of Appeals for the Sixth Circuit has noted, "[a]lthough[,] in certain cases, it is possible to determine the question whether a person acted under color of state law as a matter of law . . ., there may remain in some instances

1

unanswered questions of fact regarding the proper characterization of the actions . . . ." *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (internal quotation marks and citations omitted).  At this early stage of the litigation, unanswered factual questions abound. Dismissal is therefore inappropriate on this issue at this time.

## II.    QUALIFIED IMMUNITY

Pickering next contends that he is entitled to qualified immunity with respect to Plaintiff's § 1983 claim.  At the outset, the Court notes that qualified immunity is an affirmative defense that must be pled in a defendant's answer.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); FED. R. CIV. P. 8(c).  Pickering did not plead this defense in his original Answer and, indeed, did not plead it at all until after Plaintiff had pointed out, in his response to Pickering's motion to dismiss, that Pickering had failed to do so. Moreover, Pickering attempted to plead the defense for the first time in an Amended Answer filed more than 10 days after the filing of Plaintiff's First Amended Complaint and without leave of the Court or the Plaintiff, in violation of FED. R. CIV. P. 15(a). Accordingly, the Amended Answer is hereby **STRICKEN** from the Court's docket.  If Pickering wishes to refile it, he should first either obtain Plaintiff's consent or move the Court for leave to amend.

Even if Pickering had properly pled the qualified immunity defense, dismissal of Plaintiff's § 1983 claim would be inappropriate at this time.  In support of the defense, Pickering first argues, as he did in support of his 12(b)(6) motion, that he was not acting under color of state law when he allegedly committed the acts complained of.  This contention itself defeats Pickering's claim of qualified immunity, which is available to governmental officials *only* for acts performed in their official capacities.  *See Kassen v.*

*Hatley*, 887 S.W.2d 4, 10-12 (Tex. 1994) (distinguishing between governmental discretion and other types of discretion, and finding that qualified immunity is available only to officials exercising governmental discretion).

Pickering next states that Plaintiff has not alleged a violation of a clearly established constitutional right.  The burden of proof rests upon Plaintiff to demonstrate both that the constitutional right was clearly established and that Pickering's conduct was objectively unreasonable in light of the clearly established law at the time.  *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002).  In response to Pickering's motion to dismiss, Plaintiff argues that the Fourteenth Amendment rights to privacy, bodily integrity, and liberty were clearly established at the time of the alleged incidents.  (Pl.'s Resp. to Def.'s Mot. to Dismiss at 9-10.)  Plaintiff further contends that an objectively reasonable official would have known that the conduct alleged violated those rights.  (*Id.* at 10-12.)

Plaintiff is correct on both counts.  First, the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have explicitly and repeatedly recognized the constitutional foundations of the rights asserted here.  *See, e.g.*, *Youngberg v. Romeo*, 4457 U.S. 307, 315 (1982) ("In the past, this Court has noted that the right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause.") (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)); *Rochin v. California*, 342 U.S. 165, 209 (1952) (finding a Fourteenth Amendment prohibition against official action that "shocks the conscience"); *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981) ("The right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process.").  Second, an objectively reasonable official in Pickering's position

3

would have known that the actions alleged here, which include putting a noose around Plaintiff's neck and a machete to his throat, violated those rights.  Accordingly, Pickering's qualified immunity defense fails as a matter of law.

**CONCLUSION**

For the reasons stated above, Pickering's motion to dismiss is hereby **DENIED**, and Pickering's Amended Answer is hereby **STRICKEN** from the Court's docket.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of March, 2006.


_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**