UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT L. LOWERY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. H-05-3101 |
| **CITY OF CONROE, TEXAS** § | |
| **and** § | |
| **BILLY PICKERING, in his individual** § | |
| **capacity,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

In this civil rights action, Plaintiff Robert Lowery alleges that Defendant Billy Pickering, a municipal employee and Lowery's supervisor, is liable for violations of Lowery's civil rights, under 42 U.S.C. § 1983, and for assault, under Texas state tort law. Pickering now moves to amend his Answer to include the affirmative defense of qualified immunity. Lowery opposes the amendment on the ground that the qualified immunity issue has already been resolved.

Pickering raised the qualified immunity defense in his motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). In adjudicating that motion, the Court noted that Pickering had represented to the Court that he was not acting under color of state law when he took the alleged actions giving rise to this suit. Because the qualified immunity defense is available *only* to state officials acting under color of state law, *see Kassen v. Hatley*, 887 S.W.2d 4, 10-12 (Tex. 1994), Pickering's own filings establish that he cannot avail himself of that defense.

1

The Court also held, in ruling on the motion to dismiss, that Pickering's qualified immunity claim fails as a matter of law, because the Fourteenth Amendment rights asserted by Lowery – namely, the rights to privacy, bodily integrity, and liberty – have long been clearly established, and because an objectively reasonable official in Pickering's position would have known that the actions alleged here, which include putting a noose around Plaintiff's neck and a machete to his throat, violated those rights. Because, then, Pickering's qualified immunity claim has already been fully adjudicated on the merits, an amendment to include the disallowed claim would be futile. Accordingly, Pickering's motion to file an Amended Answer is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 18th day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**