UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT L. LOWERY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. H-05-3101 |
| **CITY OF CONROE, TEXAS** § | |
| **and** § | |
| **BILLY PICKERING, in his individual** § | |
| **capacity,** § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER

In this civil rights action, Plaintiff Robert Lowery alleges that Defendant Billy Pickering, a municipal employee and Lowery's supervisor, is liable for violations of Lowery's civil rights, under 42 U.S.C. § 1983, and for assault, under Texas state tort law. On March 17, 2006, Pickering moved to amend his Answer to include the affirmative defense of qualified immunity. By Memorandum and Order dated April 18, 2006, the Court denied the motion, on the grounds that Pickering had waived the defense and that amendment would be futile because the defense fails as a matter of law. Pickering now moves for reconsideration of that Order.

Pickering first argues that he did not waive the defense by asserting that he did not act under color of state law, because the defense may be pled in the alternative. Pickering is correct. *See* FED. R. CIV. P. 8(e)(2). The Court therefore **VACATES** that portion of its Order discussing waiver.

The Order also disposed of the immunity defense on the merits, holding that the allegations against Pickering, if true, prove that he violated a clearly established

1

constitutional right of which a reasonable official would have known. Pickering now argues that that holding was premature at the Rule 12(b)(6) stage. Given that it was Pickering himself who invited the Court to consider the merits of the unpled defense at the Rule 12(b)(6) phase, the Court does not believe that it need reconsider its substantive ruling on the issue of qualified immunity at this early point in the case. The Court will, however, allow Pickering to file an amended Answer to include the affirmative defense of qualified immunity. After sufficient discovery has been adduced, Pickering can, if appropriate, seek summary judgment or other relief regarding the issue. Accordingly, Pickering's motion for reconsideration, Docket No. 35, is hereby **GRANTED**, the portion of the Court's April 18 Order discussing waiver is **VACATED**, and Pickering is **GRANTED** leave to amend his Answer.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 26th day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**