**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT L. LOWERY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. H-05-3101** |
| **CITY OF CONROE, TEXAS** | § | |
| **and** | § | |
| **BILLY PICKERING, in his individual** | § | |
| **capacity,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Plaintiff's motion for reconsideration of the Court's Memorandum and Order dated April 26, 2006.  That Order, which was entered in response to Defendant Pickering's motion for reconsideration of a prior Order, permitted Pickering to amend his Answer to include the affirmative defense of qualified immunity. Plaintiff argues that the April 26 Order constituted error and will result in manifest injustice because (1) Pickering's amendment is futile and will prejudice Plaintiff; (2) the Court's previous Order denying leave to amend is law of the case; and (3) the Court entered the Order without first awaiting Plaintiff's response to Defendant's motion.

While the Court declined, in its April 26 Order, to reconsider the reasoning set forth in its previous Order denying Pickering's motion to dismiss on qualified immunity grounds, it held that Pickering should be permitted to plead the defense, which either party may seek to resolve at the summary judgment stage.  As a rule, this Court is loath to preclude substantive claims on technical, procedural grounds, and the Federal Rules of Civil Procedure provide that leave to amend should ordinarily be freely given.  *See* FED.

R. CIV. P. 15(a).  Furthermore, if Plaintiff is correct in asserting that Pickering is not, as a matter of law, entitled to qualified immunity, Plaintiff may set forth law and facts supporting his position in a motion for summary judgment.  In the interim, the Court finds that Plaintiff is not prejudiced by Pickering's pleading the defense.  As Plaintiff himself notes in his motion for reconsideration, it is Pickering who, in being required to participate in this case beyond the 12(b)(6) phase, has lost much of the benefit of qualified immunity – that is, immunity not only from liability but from suit.

Plaintiff's "law of the case" argument is similarly inapposite.  The law of the case doctrine permits a district court to reconsider its prior rulings, "especially if revisiting those rulings will prevent error."  *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997).  "For example, . . . in civil cases a district court is not precluded by the . . . doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, as those rulings are not immutable and lack *res judicata* effect."  *Id.* A ruling on a motion for leave to amend is, of course, an interlocutory order. Accordingly, the law of the case doctrine is inapplicable here.

Finally, the Court notes that, while the Local Rules do ordinarily provide a nonmoving party twenty days to respond to an opposed motion, the Court is not bound to that timetable.  *See* L.R. 7.8 ("Hearing.  The Court may in its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material.").  Here, the parties had already argued the issues relevant to Pickering's motion for reconsideration during the briefing on Pickering's motion to dismiss.  The Court was thus able to resolve the motion for reconsideration without additional assistance from Plaintiff.  Indeed, the

Court finds unpersuasive the arguments presented by Plaintiff in his own motion for reconsideration, which are presumably the same arguments that he would have made in opposition to Pickering's motion.   Accordingly, Plaintiff's motion for reconsideration, Docket No. 40, is hereby **DENIED**.

   **IT IS SO ORDERED**.

   **SIGNED** at Houston, Texas, on this the 6th day of June, 2006.

       _(signature)_
       _____
       KEITH P. ELLISON
       UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**